IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-50455

---

CHRISTOPHER BLACK, SR.,

                                        Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent - Appellee.

---

Appeal from the United States District Court
For the Western District of Texas, Waco

---

January 15, 2003
**ON PETITION FOR REHEARING**
(Opinion December 11, 2002, 5th Cir., 2002,____F.3d___)

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:

The petition for rehearing for Christopher Black is GRANTED in part and DISMISSED in part.

I

The opinion will be modified to reflect that John R. Duer was counsel of record in the direct appeal in state court.

II

Petitioner reurges his claim of error in disqualifying Wilma McKenney Bonds, a prospective member of the venire, outside the presence of all counsel. Specifically, he argues that the disqualification came at trial and not at a stage preliminary to voir dire in the case at which the general qualifications of persons to serve as a juror was decided. We again reject his contention.

The record reflects that Bonds was summoned to appear at 9:00 a.m, for Bell County jury service. As we have explained, she did not appear until the noon recess when the trial judge excused her outside the presence of counsel. Before Bonds arrived, the trial judge spent the morning deciding "exemptions or disqualifications," a culling process of those who did report timely, leading to a list of venire persons he certified as meeting the legal requirements for jury service.

Judge Carroll then gave the members of the certified venire general instructions about jury service and ordered them to again report to the courthouse four days later. Only on the return of the venire did the focus turn to qualification to serve in this case and only then was the venire introduced to the case. That is, this is when voir dire began, a phase transcribed as "individual voir dire proceedings," four days after the exemptions and qualification stage at which Judge Carroll had excused Bonds.

In sum, the jury in this case was the product of two distinct phases. At the exemption and disqualification stage Judge Carroll

explained the general qualifications for jury service, including inquiry into whether any person had committed a felony, was over the age of 70, or had other hardships. Ms. Bonds arrived at the courthouse at noon at the end of this phase. She was never certified as part of the venire from which the petit jury would be selected.

We do not gainsay the centrality of voir dire in the trial of a criminal case nor a defendant's right to counsel at that juncture. Whether a preliminary inquiry into general qualifications for jury service leading to a venire certified to meet statutory qualifications to serve on any jury is such a component of trial such as to trigger the right to be present with counsel is uncertain. It has not been established by decisions of this court or the United States Supreme Court. Its procrustean fit across the myriad means throughout the country of gathering citizens to form a venire aside, we are not persuaded that such a rule of Constitution law is dictated by precedent. We cannot then announce such a rule in a habeas case.